MORENO *v.* MARTÍNEZ.

APPEAL from the District Court of Mayagüez.

No. 149.—Decided November 15, 1904.

INJUNCTION—OWNER—TENANT AT SUFFERANCE—UNLAWFUL DETAINER.—The writ of injunction is the proper remedy to be pursued by the owner of real estate, to restrain a person in the unlawful possession thereof, or a tenant at sufferance, from himself gathering or permitting to be gathered by another person under his direction, the products of the property so occupied, during the course of the proceedings in an action of unlawful detainer prosecuted by the former against the latter.

This is a proceeding instituted before James A. Erwin, judge of the former court of the district of Mayagüez, by María Moreno de Ramírez against Victor Martínez y Martínez, for the purpose of obtaining a writ of injunction; which case is pending before us on an appeal taken by the defendant from the order made September 17, 1903, by the judge by whom the incidental question was heard and determined.

Execution proceedings having been instituted in the former Court of First Instance of Mayagüez and continued afterwards in the district court of that city by María Moreno Cebollero de Ramírez against José María Moreno, to recover the sum of 2,000 *pesos,* interest and costs, an attachment was levied, in addition to other properties of the debtor, upon a farm situated in *barrio* Guatemala, at the place known as Bejuco, within the municipality of San Sebastián, said farm consisting of 54.47 *cuerdas* of land planted to coffee, sugarcane and pasture, the attachment including also a two-third interest in a dwelling house and buildings situated upon said estate. The property was offered at public sale, after notification to Victor Martínez y Martínez, to whom it had been subsequently sold, in order that the might satisfy the charge against the same if he so desired, by paying the sum due the execution creditor. This Martínez failed to do, and the public sale having been held for the third time, without regard to a minimum bid, as no bidder appeared, the property was awarded to the execution creditor, who was given possession thereof; whereupon Victor Martínez y Martínez, who occupied the property, protested against the possession given to María Moreno, alleging that he was in the quiet and peaceful possession thereof as its lawful owner. Said estate was afterwards recorded in the registry of property in the name of the grantee, María Moreno Cebollero de Ramírez.

María Moreno de Ramírez brought an action of unlawful detainer against Victor Martínez y Martínez for the purpose

of ejecting him from the estate. While said action was still pending, the attorney for the plaintiff filed a sworn application praying that a writ of preliminary injunction be issued to restrain Victor Martínez from gathering by himself, or permitting to be gathered under his direction or in his name, the coffee growing upon the trees of the above-mentioned estate and utilizing in connection therewith the three-fourths interest in the buildings standing on said estate, which also had become the exclusive property of the plaintiff. The application having been granted and the incidental issue taken up separately, the parties were summoned to appear at an oral hearing. A bond for $1,000 having been furnished by two sureties of recognized financial standing to answer for such damages as might be caused to the defendant, Martínez, in case it should be finally decided that the injunction did not lie; the judge examining the incidental issue, on September 17, 1903, made an order approving the bond furnished and granting the injunction applied for by María Moreno de Ramírez, and, in consequence thereof, directing that Victor Martínez y Martínez be accordingly restrained from gathering by himself or permitting to be gathered under his direction or in his name the coffee growing upon the trees on the farm as mentioned in the written application, and from utilizing the two-thirds interest in the buildings situated thereon, for the preparation and storage of said coffee.

From this order the representative of Victor Martínez y Martínez took an appeal, which was allowed for review only. The record was forwarded to this Supreme Court, after citation of the parties, who appeared, and the appeal having been perfected, a day was set for the hearing, at which counsel for both parties were present and made such arguments as they deemed proper in support of their claims.

*Mr. Victor Martínez,* for appellant.

*Mr. Ramírez Arrillaga,* for respondent.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

The injunction applied for by María Moreno Ramírez against Victor Martínez y Martínez, to restrain the latter from gathering by himself, or permitting to be gathered by another under his direction or in his name, the coffee growing upon the trees of the estate, subject to the action of unlawful detainer pending between them, and from utilizing the two-thirds interest in the buildings standing on said property, which also belong to the plaintiff, for the preparation and storage of said coffee, comes fully within section 1 of the act of the Legislative Assembly of this Island, authorizing injunctions, approved March 1, 1902; since from the documents filed with the record María Moreno Ramírez appears as the owner of the estate in question, her title thereto being recorded in the registry of property, and to vacate which estate she is prosecuting the proper action of unlawful detainer against Victor Martínez y Martínez, who occupied the property as a tenant at sufferance; and as such owner she has a perfect right to the exclusive enjoyment of the products thereof and to prevent another person from enjoying the same to the detriment of the rights of ownership allowed her by the laws, and especially by section 354 of the Civil Code in force.

Furthermore, in the conduct of this incidental issue, the provisions of sections 5 and 7 of the act of the Legislative Assembly of this Island have been complied with.

In view of the legal provisions cited, the order appealed from of September 17, 1903, is affirmed, with costs against the appellant.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.